**Idallia GARCIA BRAVO and Miguel Angel Garcia Carrillo, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–71636.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Ravit Rae Halperin, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hugh G. Mullane, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Idallia Garcia Bravo and her husband Miguel Angel Garcia Carrillo, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, and dismiss it in part.

Although we lack jurisdiction to review the agency's determination that Petitioners failed to demonstrate "exceptional and extremely unusual hardship," see Romero–Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir.2003), we retain jurisdiction to review colorable claims of due process violations, see Torres–Aguilar v. INS, 246 F.3d 1267, 1270–71 (9th Cir.2001).

Petitioners failed to show that they were prejudiced by ineffective performance on the part of their attorney. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000). Petitioners' contentions regarding ineffective assistance of counsel therefore fail.

We grant Petitioners' motion to stay the period of voluntary departure nunc pro tunc to the date of their motion to stay removal. See Desta v. Ashcroft, 365 F.3d 741, 750 (9th Cir.2004). The voluntary departure period will begin to run upon issuance of this Court's mandate.

PETITION FOR REVIEW DISMISSED in part, DENIED in part.